In re Adoption of
Timothy Eugene James
by Robert Greer and Vivian Greer

March 17, 1975

BY JUDGE ROBERT J. ROGERS

The Court has carefully considered the evidence in the above-styled matter, which includes the papers filed in the cause and also evidence heard ore tenus on March 14, 1975.

The Court finds from the evidence that Mrs. Carolyn James Owens, natural mother of the child, executed a valid consent to the adoption of the child by the petitioners, Robert E. Greer and Vivian B. Greer. This consent was executed on March 8, 1974, and is attached to the petition filed herein. The evidence shows that Mrs. Owens understood the nature and consequences of her action in consenting to the adoption. The procedure was carefully explained to her by Mr. Spessard, and before executing the written consent, she took sufficient time to consider the matter. Her testimony at the hearing demonstrates that she knew that the document she signed was a consent to a transfer of legal responsibility for the child from her to the petitioner, and that as a result Timothy would become the child of the petitioners.

The Court further finds from the evidence that the natural father of the child, James E. Kidd, has likewise executed a valid consent to the adoption of the child by the Greers. Thus, the Court finds that the requirements of Section 63.1-225 of the Code have been properly satisfied in this matter.

As was pointed out to the natural mother, her father, and the petitioners at the time of the hearing, the Court's main concern is the best interests of the child. In considering his best interests, the Court notes that Timothy has been living with the petitioners for approximately two years and now regards the petitioners as his father and mother. The evidence further shows that the petitioners are financially able to maintain Timothy adequately and are morally suitable and proper persons to care for and train the child, and that the child is suitable for adoption by the petitioners. The evidence further shows that Mrs. Owens, the natural mother, is currently

separated from her husband, who has recently been incarcerated in the penitentiary, and she intends to seek a divorce from her husband. The evidence further shows that the natural mother is employed full time and were she to regain custody of the child, the child would spend a principal portion of his time in a nursery. By contrast, the female petitioner is not employed and is in a position to attend to the training and supervision of the child throughout the day.

The Court is aware of the legal presumption that custody with the natural parents will serve the best interests of the child. But this presumption may be rebutted by proof that the requirements of Section 63.1-225 have been satisfied. *Szemler v. Clements*, 214 Va. 639 (1974). In the instant cause, the requirements of that provision have been met, the Court has heard the evidence of both the proponents and the opponents of the adoption, and the Court finds by a preponderance of the evidence that the proposed adoption would be in the best interests of the child, Timothy. Accordingly, petitioners are entitled to an interlocutory order under Section 63.1-226, and such an order should be tendered to the Court.